# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1397V
**Filed: April 12, 2018**
UNPUBLISHED

| | |
|---|---|
| NOELLE C. JAMES, Guardian of the , Person and Estate of THEADA MARIE GIBBINS, an Incapacitated Person,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                   Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Richard R. Johnson*, Johnson and Johnson, PLLC, Yakima, WA, for petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Ms. Gibbins suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 24, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 18, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for MS. Gibbon's GBS. On April 6, 2018, respondent filed a proffer on award of compensation ("Proffer").

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

**A. A lump sum payment of $257,267.88, representing compensation for pain and suffering ($160,000.00), and life care expenses for Year One ($97,267.88), in the form of a check payable to petitioner, Noelle C. James, as the guardian of Ms. Gibbins' estate, for the benefit of Ms. Gibbins.**

**B. A lump sum payment of $121,449.96, representing compensation for satisfaction of the State of Washington Medicaid lien, payable jointly to petitioner as the guardian of Ms. Gibbins' estate and**

> State of Washington Health Care Authority
> P.O. Box 45561
> Olympia, WA 98504-5561
> File No.: 224218

**Petitioner agrees to endorse this payment to the State of Washington Health Care Authority.; and**

**C. An amount sufficient to purchase the annuity contract described in Proffer Section II.C.**

**D. A lump sum payment in the form of a check made payable to Noelle C. James in the amount of $500.00, representing full reimbursement for past unreimbursed medical expenses.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**NOELLE C. JAMES**, Guardian for the      \*
Person and Estate of **THEADA MARIE**      \*
**GIBBINS,** an Incapacitated Person,      \*
                                           \*
       Petitioner,          \*     No. 16-1397V
                                           \*     CHIEF SPECIAL MASTER DORSEY
v.                                         \*
                                           \*
**SECRETARY OF HEALTH AND**                \*
**HUMAN SERVICES**,                        \*
                                           \*
       Respondent.         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**[1]

The Chief Special Master issued a Ruling on Entitlement on September 18, 2017, and concluded that Theada Marie Gibbins (Ms. Gibbins") is entitled to compensation under 42 U.S.C. § 300aa(15)(a).[2] For the purposes of this proffer, the term "vaccine-related" is as described in the Chief Special Master's Ruling on Entitlement. On March 9, 2018, respondent filed a Life Care Plan from Linda Curtis, RN, MS, CCM, CNLCP ("Life Care Plan"), which provides an estimation of Ms. Gibbins' future vaccine-related medical needs. Petitioner, Noelle C. James, and her attorney reviewed the Life Care Plan and agree that it accurately represents Ms. Gibbins' future vaccine-related medical expenses. Petitioner also agrees that the below-

---

[1] Should Ms. Gibbins die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] On February 14, 2018, petitioner filed documentation establishing that she has been appointed as the guardian of Ms. Gibbins' person and estate under the State laws of Washington.

stated amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa(15)(a).

    A.    <u>Life Care Items</u>

All items of compensation identified in the Life Care Plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Theada Gibbins, attached hereto as Appendix A.[3]  Respondent proffers that Ms. Gibbins should be awarded all items of compensation set forth in the Life Care Plan as illustrated by the chart attached as Appendix A.[4]  Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that Ms. Gibbins should be awarded $160,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    C.    <u>Medicaid Lien</u>

Respondent proffers that Ms. Gibbins should be awarded funds to satisfy a State of Washington Medicaid lien in the amount of $121,449.96, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Washington may have against any individual as a result of any Medicaid payments the State of Washington has

---

[3] The chart at Appendix A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[4] The parties have no objection to the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision and the Chief Special Master's September 18, 2017, decision finding Ms. Gibbins entitled to an award under the Vaccine Act.

made to or on behalf of Ms. Gibbins from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 24, 2013, under Title XIX of the Social Security Act.  Petitioner agrees.

      D.     Respondent proffers that Noelle James should be awarded a lump sum payment of $500.00, representing payment for past unreimbursed medical expenses.  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to Ms. Gibbins should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

      A.     A lump sum payment of $257,267.88, representing compensation for pain and suffering ($160,000.00), and life care expenses for Year One ($97,267.88), in the form of a check payable to petitioner as the guardian of Ms. Gibbins' estate, for the benefit of Ms. Gibbins.

      B.     A lump sum payment of $121,449.96, representing compensation for satisfaction of the State of Washington Medicaid lien, payable jointly to petitioner as the guardian of Ms. Gibbins' estate and

> State of Washington Health Care Authority
> P.O. Box 45561
> Olympia, WA 98504-5561
> File No.: 224218

Petitioner agrees to endorse this payment to the State of Washington Health Care Authority.

      C.     An amount sufficient to purchase the annuity contract,[5] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[5] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Appendix A attached hereto, paid to the life insurance company[6] from which the annuity will be purchased.[7]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner as guardian of Ms. Gibbins' estate, only so long as Ms. Gibbins is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Appendix A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a six percent (6%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Appendix A that are to be paid through

---

[6] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[7] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and six percent (6%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-Contingent Annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Ms. Gibbins is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Ms. Gibbins' death.

    3.    <u>Guardianship</u>

Petitioner has been appointed as the guardian of Ms. Gibbins' estate under the State law of Washington. If petitioner becomes unable or is removed as the guardian of Ms. Gibbins' estate, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Ms. Gibbins upon submission of written documentation of such appointment to the Secretary.

    D.    A lump sum payment in the form of a check made payable to Noelle C. James in the amount of $500.00, representing full reimbursement for past unreimbursed medical expenses.

**III.**  **Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioner as court-appointed guardian of Ms. Gibbins' estate: | **$ 257,267.88** |
| B. | Medicaid Lien: | **$ 121,449.96** |
| C. | An amount sufficient to purchase the annuity contract described above in section II, C. | |
| D. | Lump sum paid to Noelle C. James | **$ 500.00** |

          Respectfully submitted,

          CHAD A READLER
          Acting Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Acting Director
          Torts Branch, Civil Division

          CATHARINE E. REEVES
          Deputy Director
          Torts Branch, Civil Division

          ALEXIS B. BABCOCK
          Assistant Director
          Torts Branch, Civil Division

          /s/ Debra A. Filteau Begley
          DEBRA A. FILTEAU BEGLEY
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C.  20044-0146
          Phone:   (202) 616-4181

Dated:  April 6, 2018

**Appendix A: Items of compensation for Theada Gibbins**

| ITEMS OF COMPENSATION | G.R. | Mode | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 | Compensation Years 10 & Life |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Medigap | 6% | M | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 | $ 2,685.00 |
| Medicare D | 6% | M | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1,026.00 | $ 1.026.00 | $ 1,026.00 |
| Podiatrist | 6% | M | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 |
| Nursing Home | 6% | M | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 | $ 91,250.00 |
| Wheelchair Cushion | 4% | - | $ 298.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 | $ 149.00 |
| Cushion Cover | 4% | - | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 |
| Lift Chair | 4% | - | $ 369.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 | $ 53.00 |
| Compression Stocking | 4% | - | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 | $ 147.00 |
| Miralax | 4% | - | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 | $ 108.00 |
| Laundry | 4% | - | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 | $ 192.00 |
| | | | | | | | | | | | | |
| Annual Total | | | $ 97,268.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 | $ 96,803.00 |

Note: Compensation Year 1 consists of the 12 month period from the date of judgment. Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment. Subsequent future compensation paid via an annuity follow the anniversary of the date of judgment.

G.R. Is the annual compounding growth rate of the listed benefit.

"M" refers to benefits that are paid in monthly installments.

Items of compensation and amounts are based on Life Care Plan Cost Projection Analysis completed by Linda Curtis RN, MS, CCM, CNLCP.