# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1397V
### Filed: November 21, 2018
UNPUBLISHED

| | |
|---|---|
| NOELLE JAMES, Guardian of the Person and Estate of, THEADA MARIE GIBBINS, an Incapacitated Person,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Richard R. Johnson, Johnson and Johnson, PLLC, Yakima, WA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Ms. Gibbins suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 24, 2013. Petition at 1. On April 12, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 43.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 7, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 48.   Petitioner requests attorneys' fees in the amount of $22,230.00 and attorneys' costs in the amount of $9,958.66.  *Id.* at 5.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 50-2.  Thus, the total amount requested is $32,188.66.

On October 1, 2018, respondent filed a response to petitioner's motion.  (ECF No. 51.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request, and finds it necessary to reduce the award to reflect rate reductions for the reasons listed below.

## I.  Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley,* 461 U.S. at 434.

## II. Attorney Fees

### A. Billing Rates

Petitioner requests compensation for attorney Richard Johnson at the rate of $300 per hour and $75 per hour for legal assistant Jacki Fasching.  ECF No. 48 at 2. The undersigned finds the requested rates reasonable based on the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned awards the requested rates for Mr. Johnson and Ms. Fasching.

### B. Non-Compensable

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition."  § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012).  "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated.  *Krause*, 2012 WL 4477431, at *6.  Billing records show prior to filing her claim in the Vaccine Court, petitioner proceeded with a case under the Federal Tort Claim Act (FTCA).  ECF 48-1 at 1-2.  Work for cases or claims outside of the Vaccine Court are not compensable.[3] These entries include:

> June 23, 2014 (1.5 hrs) "Preparation of FTCA claim forms. Memo to Jacki to set a meeting with clients"
> July 17, 2014 (2.5 hrs) "Meeting with Ken Gibbins and daughters. Send FTCA claims to HHS and counsel"
> October 6, 2014 (0.3 hrs) "Review letter from HHS re FTCA claims and filing Vaccine Act claim"
> October 20, 2015 (1.5 hrs) "Prepare Complaint, Summons, and Civil Cover Sheet re FTCA claims in U.S. District Court. Discussion with Jacki re status"
> January 9, 2016 (1.0 hrs) "Review email from AUSA in FTCA case. Prepare email to AUSA. Discussion with Jacki re case status and need for life care planner. Update medicare lien/obtain CPL"
> April 10, 2016 (5.0 hrs) "Review motion to dismiss FTCA lawsuit. Research statute and case law on 'arising out of the administration' / scope of Vaccine Act. Tel con with AUSA."

---

[3]Case notes  submitted by attorney Richard Johnson state on April 10, 2016 that "J, the USA filed a motion to dismiss the federal tort claims on the basis that Marie's claims are covered by the Vaccine Act and must be filed in the US Ct. of Claims. I spent A LOT of time researching this issue. I've concluded that they're probably correct........it's a clear allergic reaction on Marie's part to the flu vaccine."  ECF No. 48-2 at 8.

ECF No. 48-1 at 1-2.

These entries total 11.8 hours of time. As these tasks were not related to the Vaccine claim, the undersigned shall **reduce the request for fees by $3,540.00**[4], the total amount of the entries.

### III. Attorney Costs

Petitioner requests compensation for attorney costs in the amount of $9,958.66. These costs include medical records, filing fees and expert costs. The undersigned finds the overall request for attorney costs reasonable and awards the request in full.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $28,648.66[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Richard R. Johnson.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount consists of 11.8 hours at $300 per hour.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.